This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39659**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

and

**BOARD OF COUNTY COMMISSIONERS OF TORRANCE COUNTY and TORRANCE COUNTY PLANNING & ZONING,**

Interested Parties-Appellees,

v.

**DENNIS J. MAY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TORRANCE COUNTY**
**Shannon Murdock, District Judge**

NM Local Government Law, LLC
Michael I. Garcia
Lea Corinne Strife
Albuquerque, NM

for Appellees

Dennis J. May
Edgewood, NM

Pro Se Appellant

## MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Defendant appeals his convictions for sixteen counts of accumulation of solid waste, litter, and/or debris under Torrance, N.M. County Zoning Ordinance No. 94-12, § 5(C) (2021), one count of violation of Torrance, N.M. County Zoning Ordinance No. 90-3, § 11(C) (1990), and the revocation of his probation. In our notice of proposed disposition, we proposed to affirm. [CN 1, 8] Defendant filed a memorandum in opposition that we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Defendant largely reiterates the issues raised in his docketing statement. Defendant has not asserted any new facts, law, or argument that persuade this Court that our notice of proposed disposition was erroneous with respect to these issues. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{3}** To the extent that Defendant contends that the "subjective opinion" [MIO 9] of a testifying witness is not sufficient to sustain his conviction, we disagree. *See State v. Soliz*, 1969-NMCA-043, ¶ 8, 80 N.M. 297, 454 P.2d 779 (stating that the testimony of a single witness is sufficient for a conviction). Further, to the extent Defendant argues that the ordinances underlying his convictions should be found void for vagueness, [MIO 10] Defendant has provided no legal support for this argument, and the issue is not properly developed for appellate review. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists."); *see also State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (explaining that appellate courts are under no obligation to review unclear or undeveloped arguments). Finally, to the extent Defendant attempts to argue that the prosecuting authority withheld exculpatory evidence, we again find no error. [MIO 18] Defendant appears to complain that the prosecuting authority did not make available for his review a case file in a separate, but arguably similar, zoning matter. [MIO 18-19] Defendant fails, however, to provide any explanation or authority to support reversal on this basis. *See State v. Stevenson*, 2020-NMCA-005, ¶ 18, 455 P.3d 890 (explaining that a defendant must show the following to establish a violation under *Brady v. Maryland*, 373 U.S. 83 (1963): "(1) the prosecution suppressed evidence; (2) the evidence was favorable to the accused; and (3) the evidence was material to the defense" (internal quotation marks and citation omitted)).

**{4}** Thus, for the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's convictions.

**{5}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**